McGREGOR W. SCOTT
United States Attorney
MARK E. CULLERS
Assistant U.S. Attorney
4401 Federal Building
2500 Tulare Street
Fresno, California 93721
Telephone: (559) 497-4000

IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | 1:06-CR-00296-AWI |
| ) | |
| Plaintiff, ) | APPLICATION FOR ORDER REGARDING |
| ) | CRIMINAL FORFEITURE OF PROPERTY |
| v. ) | IN GOVERNMENT CUSTODY - 18 U.S.C. |
| ) | § 983(a)(3)(B)(ii)(II) |
| ABDEL JABBAR DAMEN JABER, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

The United States of America, through its counsel, hereby moves for an order allowing the Government to maintain custody of property already in the Government's possession pending the resolution of a criminal forfeiture matter. The grounds for the motion are as follows:

On or about September 7, 2006, Magistrate Judge O'Neill issued civil seizure warrants pursuant to 18 U.S.C. § 981(b) based on probable cause for the following properties. Agents of the Internal Revenue Service("IRS") seized the following properties for the purpose of initiating civil forfeiture proceedings:

    a.  Approximately $17,407.00 in U.S. Currency seized from Wells Fargo Bank Account number 9188520176 on or about September 13, 2006;

      b.    Approximately $245,115.00 in U.S. Currency seized from Abdel Jabbar Damen Jaber on or about September 11, 2006; and

      c.    Approximately $101,557.31 in U.S. Currency seized from Shop Kwik Market, Reedley, California, on or about September 11, 2006.

Hereinafter, the above-referenced assets are collectively referred to as the "seized assets."

In accordance with 18 U.S.C. § 983(a)(1), the IRS sent notice to defendant Abdel Jabbar Damen Jaber of its intent to forfeit the seized assets in a non-judicial forfeiture proceeding, and caused that notice to be published in a newspaper of general circulation.

On or about November 20, 2006, defendant Abdel Jabbar Damen Jaber filed claims contesting the administrative forfeiture of the seized assets pursuant to 18 U.S.C. § 983(a)(2).

Pursuant to 18 U.S.C. § 983(a)(3), the United States has 90 days in which to 1) return the property to the defendant, 2) commence a civil judicial forfeiture action, or 3) commence a criminal forfeiture action by including the seized assets in a criminal indictment.  On February 8, 2007, the Government elected the third option when it filed a Superseding Indictment containing a forfeiture allegation concerning the seized assets.  That Superseding Indictment is now pending in this Court.

Title 18 U.S.C. § 983(a)(3)(B)(ii)(II) provides that when the Government elects the third option, it must "take the steps necessary to preserve its right to maintain custody of the property as provided in the applicable criminal forfeiture statute."  The applicable forfeiture statute in this case is 31 U.S.C. § 5317. Title 31 U.S.C. § 5317(c)(1)(B) incorporates the forfeiture procedures set forth in 21 U.S.C. § 853.  That statute prescribes

several methods for preserving property for the purpose of criminal forfeiture.

Section § 853(f) authorizes the issuance of a criminal seizure warrant. However, in cases like this one, where the property in question is already in Government custody, it is not appropriate for a court to issue a seizure warrant directing the Government to seize property from itself. In turn, Section 853(e) authorizes the court to issue a restraining order or an injunction to preserve the property for forfeiture. However, that provision is not pertinent because there is no need to enjoin the Government from disposing of property that the Government has taken into its custody for the purpose of forfeiture, and that the Government intends to preserve for that purpose through the conclusion of the pending criminal case.

Finally, Section 853(e)(1) also authorizes a court to "take any other action to preserve the availability of property" subject to forfeiture. The Government contends that this provision applies in circumstances where, as here, the Government has already obtained lawful custody of the seized assets pursuant to Federal seizure warrants, and the Government seeks to comply with Section 983(a)(3)(B)(ii)(II). Thus, all that is required to comply with Section 983(a)(3)(B)(ii)(II) is an order from this Court stating that the United States and its agencies, including IRS and/or the Department of Treasury, may continue to maintain custody of the seized assets until the criminal case is concluded.

Accordingly, pursuant to Section 853(e)(1), the United States respectfully moves this Court to issue an order directing that the United States may maintain custody of the seized assets through the

conclusion of the pending criminal case, and stating that such order satisfies the requirements of 18 U.S.C. § 983(a)(3)(B)(ii)(II).

Dated: February 15, 2007        McGREGOR W. SCOTT
                                United States Attorney


                                /s/ Mark E. Cullers
                                MARK E. CULLERS
                                Assistant U.S. Attorney
                                Chief, Fresno Branch Office


**ORDER**

This matter comes before the Court on the motion of the United States for an Order authorizing the Government and its agencies to maintain custody of certain property pending the conclusion of the pending criminal case. For the reasons provided in the Government's motion, the Court makes the following orders:

IT IS HEREBY ORDERED, that the United States and its agencies, including the IRS and/or the Department of Treasury, are authorized to maintain and preserve the following assets until the conclusion of the instant criminal case, or pending further Order of this Court:

a. Approximately $17,407.00 in U.S. Currency seized from Wells Fargo Bank Account number 9188520176 on or about September 13, 2006;

b. Approximately $245,115.00 in U.S. Currency seized from Abdel Jabbar Damen Jaber on or about September 11, 2006; and

c. Approximately $101,557.31 in U.S. Currency seized from Shop Kwik Market, Reedley, California, on or about September 11, 2006.

IT IS SO ORDERED.

**Dated:   February 20, 2007**            **/s/ Anthony W. Ishii**
0m8i78                                    UNITED STATES DISTRICT JUDGE